ELLIS A. GIMBEL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

BENEDICT GIMBEL, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

CHARLES GIMBEL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 32348–32350. Promulgated July 11, 1930.

*James Craig Peacock, Esq., John W. Townsend, Esq.,* and *C. E. Koss, C. P. A.,* for the petitioners.

*W. F. Gibbs, Esq.,* for the respondent.

**OPINION.**

TRAMMELL: The petitioners contend that the donations here involved are allowable deductions in computing their net income under section 214 (a) (10) (B) of the Revenue Act of 1924. That section provides in part as follows:

(a) In computing net income there shall be allowed as deductions:

    \*         \*         \*         \*         \*         \*         \*

(10) Contributions or gifts made within the taxable year to or for the use of: \* \* \* (B) any corporation, or trust, or community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children

or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual.

The petitioners urge that the foundation is within such statutory classification because: (1) By virtue of section 2 (a) (2) of the Revenue Act of 1924 the word " corporation " includes associations, and the foundation, being an unincorporated association, is therefore an organization of the kind specified; (2) the dominant objects of the foundation being charitable and educational, it satisfies the statutory requirements as to purposes; and (3) since no part of the net earnings of the foundation inures to the benefit of any private shareholder or individual, it complies with the statutory limitation as to disposition of earnings.

Section 2, Title I of the Revenue Act of 1924 provides that as " When used in this Act * * * (2) The term " corporation " includes associations * * *."

Neither the petitioners nor the respondent in their respective briefs have discussed the question as to whether the Gimbel Brothers Foundation is a corporation or trust or community chest, fund or foundation as provided in the statute. They content themselves with discussing the question as to whether it was operated exclusively for religious, charitable, scientific, literary, or educational purposes. Yet the pleadings are clearly broad enough to put in issue the question as to whether this was a corporation, trust, or community chest, fund or foundation. The petitioner merely states that the foundation. being an unincorporated association, is therefore a corporation within the meaning of the statute. It is not contended that it was a trust or community chest, fund or foundation. We must decide first whether it was a corporation within the meaning of the statute. We see no reason which would warrant us in holding that the word " corporation " is used in any different sense in section 214 of the Act than in other sections of the Act. It is defined only once and the statute provides that for the purpose of the entire Act the term " corporation " includes an association. Does this mean that for the purpose of the charitable provisions the word " association " is used in one sense and in those provisions relating to taxable income another meaning should be attributed to the term " corporation "? We see no reason to so hold. We have held that the real test as to whether an association is a corporation is whether the shareholders or trustees or both combined carry on business. In other words, whether it was organized for business purposes and carried on as a business enterprise. Where an association was not organized for the purpose of doing business for profit nor for doing business at all, it is not treated and classified as a corporation. See *Kaauila Land Trust*, 19 B. T. A. 1172, and cases there cited.

But in this case the foundation does not have stock or shares. Nonvoting membership in the foundation is open to all employees of Gimbel Brothers after a certain specified service. It is not shown that any business was carried on in corporate form or otherwise. For this reason we are of the opinion that it has not been shown that the foundation was a corporation within the meaning of the statute and contributions to it therefore are not deductible under the provisions of section 214 (a) (10) of the Revenue Act of 1924. Nor does the evidence show that the foundation was a trust or community chest, fund or foundation within the meaning of the statute.

Nor do we think that the foundation was organized or operated exclusively for religious, charitable, scientific, literary, or educational purposes as provided by the statute. There are six objects of this foundation set forth in its constitution. Certain of these objects are undoubtedly charitable or educational, but other objects not merely incidental are not shown to be such. In any event, we can not see that the object of effecting life insurance for the employees is a charitable purpose when all employees, regardless of their financial need, are entitled to the same benefits, nor is the investment of the savings of employees, regardless of their financial condition, shown to be a charitable purpose. The provision for pensions is not necessarily a charitable feature, in view of the fact that any member who had a certain length of service would be by reason of old age or disability eligible therefor. Unless it is shown that the financial condition of the recipient was one of the reasons which entitled such person to a pension, the mere fact that old age or physical disability entitles one thereto after certain length of service does not indicate that the pension was in the nature of a charity. Pensions to retired employees for length of service, regardless of financial needs, are not generally considered in the way of charity any more than payments made to retired officers by a government are considered charitable gifts. Those features of the foundation which are not shown by the evidence to be for charitable or educational purposes appear to be more than mere incidental features of the purposes of the foundation, but appear to be essential and important elements. The foundation, therefore, can not be said to have been organized or operated *exclusively* for charitable or educational purposes.

It further appears that a material part of the benefits of the foundation accrued to the members by virtue of agreement entitling all members thereto regardless of any financial needs. While this would be unimportant in the case of educational benefits, it must be considered in connection with the features claimed to be of a charitable character.

It is true that where an organization is otherwise classified as charitable or educational, mere incidental things which are not charitable or educational would not be sufficient to deprive the organization of its charitable or educational classification, but we do not consider that this case presents such a situation. We do not overlook the value and importance of such a foundation to the Gimbel stores, but no question is here presented of the deductibility as ordinary and necessary expenses of payments made by them.

*Judgment will be entered under Rule 50.*